**NEW YORK PETROLEUM, INC., Plaintiff,**

v.

**ASHLAND OIL, INC. and Koch Industries, Inc., Defendants,**

**and**

**ASHLAND OIL, INC. and Koch Industries, Inc., Plaintiffs,**

v.

**The UNITED STATES DEPARTMENT OF ENERGY, Defendant.**

Civ. A. Nos. W79–0019(B), W83–0035(B).

United States District Court, S.D. Mississippi, W.D.

Aug. 24, 1983.

**1232**

Kenneth Franks and Glenn Gates Taylor, Heidelberg, Woodliff & Franks, Jackson, Miss., Joseph V. Ferguson, II & III, Ferguson, Rives, Bann & Ferguson, New Orleans, La., for New York Petroleum Corp.

John T. Armstrong, Jr., Armstrong & Hoffman, Hazlehurst, Miss., Fred W. Drogula, Patricia N. Blair and Edward J. Tolchin, Ginsburg, Feldman, Weil & Bress, Washington, D.C., for Ashland Oil, Inc., and Koch Industries, Inc.

Daniel F. Shea, Ellen P. Rosenberg-Blatt, U.S. Dept. of Energy, Washington, D.C., for The U.S. Dept. of Energy and Donald Hodel, Secretary of Energy.

### ORDER

BARBOUR, District Judge.

THIS CAUSE having come on to be heard on the Motion of Ashland Oil, Inc. and Koch Industries, Inc. for leave to amend their Answer to assert counterclaims against New York Petroleum Corporation, and on the Motion of New York Petroleum Corporation for voluntary dismissal of Ashland and Koch, and on the Motion of the United States Department of Energy to dismiss the complaint of Ashland and Koch or to enter summary judgment, and the Court having considered the memoranda offered and having heard the arguments of counsel does find as follows, to-wit:

### I.

This action arose under provisions of the Economic Stabilization Act of 1970, 12 U.S.C. 1904 note. Factually, on December 22, 1976, the Federal Energy Administration (F.E.A.) issued a notice of probable violation to New York Petroleum Corporation (New York) alleging New York had over-charged Ashland Oil, Inc. (Ashland) and Koch Industries, Inc. (Koch) for crude oil produced during the period of September, 1973, through December, 1975. Subsequently, on July 29, 1977, the F.E.A. issued a remedial order to New York finding that New York had, in fact, over-charged Ashland and Koch in ordering New York to pay to Ashland and Koch approximately $283,-000. Thereafter, on August 11, 1977, New York filed an application for stay and ap-

peal of the remedial order. A hearing was held before the Office of Hearing and Appeals (O.H.A.) of the Department of Energy (D.O.E.) on August 8, 1978, which neither Ashland nor Koch attended, even though they had been supplied copies of all proceedings to date. On January 19, 1979, a decision and order was issued by the O.H.A. upholding the remedial order and requiring New York to pay to Ashland and Koch approximately $283,000. Pursuant to the provisions of the Economic Stabilization Act, New York brought suit against the D.O.E. in District Court on March 7, 1979, seeking declaratory and injunctive relief. Ashland and Koch were added as parties defendant on March 26, 1979. On June 6, 1979, Ashland and Koch filed their answer wherein they failed to assert their private cause of action as provided in Section 210 of the Economic Stabilization Act as a compulsory counter-claim against New York.

New York and the D.O.E. began settlement negotiations in late 1981 and early 1982. Ashland and Koch were provided a copy of the proposed "Agreed Final Judgment" representing the settlement between New York and the D.O.E. on March 23, 1982. Counsel for Ashland and Koch notified the D.O.E. by letter of date April 19, 1982, that Ashland and Koch objected to the $160,000 settlement amount being placed in an account of the United States Treasury. They represented to the parties that payment should be made to Ashland Oil Company "in such amount as to effect restitution of the losses suffered because of the over-charge." Ashland and Koch thereafter set forth their actual out-of-pocket expenses resulting from the over-charges at only $79,381 (Ashland) and $2,500 (Koch). They explained that while they were unable to pass through over-charges occurring during the period September, 1973, through October, 1974, that the additional over-charges occurring after this period were passed through and shared by other refiners under provisions of the entitlements program.

On December 9, 1982, a hearing on the proposed Settlement and Agreed Final Judgment was held before Magistrate Countiss in which all parties participated, including Ashland and Koch. An Order dismissing the D.O.E. and requiring New York to pay $160,000 to the D.O.E. to "be deposited in a suitable escrow account for ultimate disposition by the D.O.E." was issued by Magistrate Countiss. On January 11, 1983, New York paid, by certified check, $161,532.42 into the escrow account called for in the Order. Exactly one month later, February 11, 1983, Ashland and Koch filed a motion for leave to amend their answer in Cause No. W79–0019(B) to assert a compulsory counter-claim against New York and brought a separate suit against the D.O.E. seeking injunctive and declaratory relief. Specifically, the counter-claims seek a private cause of action against New York pursuant to Section 210 of the Economic Stabilization Act for the over-charges occurring between 1973 and 1975. If successful, Ashland and Koch would be entitled to treble damages and attorneys fees. The suit against the Department of Energy is for restitution to Ashland and Koch of the entire $164,532.42 in the escrow account.

## II.

Omitted counter-claims are governed by Rule 13(f) of the Rules of Civil Procedure, which provides as follows:

> When a pleader fails to set up a counter-claim through over-sight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counter-claim by amendment.

The leading United States Supreme Court case dealing with leave to amend pleadings is *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Therein, the Court announced the general rule governing amendments to pleadings as following:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment,

etc.—the leave sought should, as the Rules require, be "freely given". Of course, the grant or denial or an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion inconsistent with the spirit of the Federal Rules.

371 U.S. at 182, 83 S.Ct. at 230.

The Fifth Circuit has held "[w]here there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay was due to over-sight, inadvertence, or excusable neglect.... Leave will be denied unless he shows some valid reason for his neglect and delay." *Freeman v. Continental Gin Company,* 381 F.2d 459, 469 (5th Cir.1967). However, "[t]he mere passage of time between an original filing and an attempted amendment is not a sufficient reason for denial of the motion." *Spartan Grain and Mill Company v. Ayers,* 517 F.2d 214, 220 (5th Cir.1975).

Ashland and Koch admit that their failure to assert the compulsory counter-claim with their answer was not due to any oversight or inadvertence. Instead, they contend it was due to excusable neglect. As explained by counsel, Ashland and Koch were content to "let the D.O.E. carry the ball." Although Ashland and Koch understood that the D.O.E. was pursuing a public right pursuant to Section 209 of the Economic Stabilization Act against New York, they were satisfied to identify their private cause of action against New York, as provided in Section 210, with the D.O.E.'s Section 209 claim. Ashland and Koch were furnished a copy of the remedial order dated July 29, 1979, finding that New York had over-charged them approximately $283,000. Yet, Ashland and Koch never made demand on New York for refund of the over-charges as contemplated in Section 210(b). Rather, Ashland and Koch admit that until February 11, 1983, they were satisfied to limit their recovery to restitution from any money the D.O.E. obtained from New York in its Section 209 proceed-

ings. Ashland and Koch were content to remain in this position even after they became aware of the proposed settlement and Agreed Order of Dismissal in March, 1982. In fact, Ashland and Koch actively participated in the hearing approving the settlement and dismissing the D.O.E. and were primarily responsible for having the money placed in an escrow account. It was not until February 11, 1983, exactly one month after New York paid the $161,532.41 into the escrow account, that Ashland and Koch decided "to carry the ball" and filed a motion seeking to amend their answer to assert their Section 210 compulsory counter-claim against New York, including treble damages and attorneys fees.

New York maintains that it would be unduly prejudiced if Ashland and Koch were allowed at this late date, some six years after the issuance of the remedial order and four years after Ashland and Koch filed their answer herein, to amend their answer to assert an independent cause of action. For six years Ashland and Koch took a "hands washing" approach according to New York and were content to identify their rights with those of the D.O.E. The inequity in allowing the amendment at this date is underscored by the active participation of Ashland and Koch in the settlement of the D.O.E.'s Section 209 claim and the placement of $161,532.42 into an escrow account by New York. Compounding this inequity is the new cause of action Ashland and Koch now seek to assert against New York in their counter-claim whereby New York could be made to pay treble damages and attorney fees to Ashland and Koch—a relief Ashland and Koch never could have received under the D.O.E. Order with which they were so satisfied for nearly seven years.

█ It appears to this Court that the failure for so many years of Ashland and Koch to assert their Section 210 cause of action against New York as a compulsory counter-claim under Rule 13(f) was not due to any excusable neglect, over-sight, or inadvertence and would unduly prejudice New York if allowed at this late date.

### III.

As noted hereinabove, Ashland and Koch filed suit against the D.O.E. on February 11, 1983, seeking injunctive and declaratory relief. Ashland and Koch contend that the D.O.E. has a legal duty to effect restitution of the $161,532.42 to them as the identifiable injured parties. The D.O.E. has filed a Motion to dismiss or, alternatively, for summary judgment.

Ashland and Koch argue basically that they alone are entitled to the entire fund paid into the escrow account of the D.O.E. by New York. The D.O.E. argues that the complaint of Ashland and Koch poses no issue which is ripe for judicial resolution in that Ashland and Koch have failed to exhaust their administrative remedies. Specifically, Ashland and Koch have failed to *formally petition* the D.O.E. for special redress as allowed by 10 C.F.R. § 205.230, either to disburse the settlement funds to them or to begin an administrative proceeding pursuant to 10 C.F.R. § 205.280 (Sub-Part V) to determine the proper disposition of the funds. On August 1, 1983, the Office of Special Counsel petitioned the Office of Hearing and Appeals pursuant to 10 C.F.R. § 205.281 to institute proceedings to refund or otherwise appropriately distribute the funds in question. Under these procedures, Ashland and Koch may file an application for disbursement for some or all of the funds held in the escrow account in the Sub-Part V proceedings which have now been initiated.

The leading case discussing exceptions to the general rule of exhaustion of administrative remedies is *Hawthorne Oil and Gas Corporation v. Department of Energy,* 647 F.2d 1107 (Em.App.1981). Therein, an oil producer brought action in the District Court against the Department of Energy and against the oil company, seeking declaratory and injunctive relief from a proposed remedial order issued by the Department, alleging that the plaintiff had over-priced domestically produced coal crude oil in violation of the mandatory petroleum price regulations. The Court agreed "that the failure of the Appellant Hawthorne to exhaust its administrative remedies was an adequate and proper basis for the action of the District Court in dismissing the action without prejudice." 647 F.2d at 1113. The *Hawthorne* court made the following observations in discussing the requirement for exhaustion of administration remedies:

> In the absence of exceptional circumstances, not present in this action, a party may not maintain a judicial action to secure relief from a supposed, or threatened, injury by administrative action until the available and prescribed administrative remedies have been exhausted . . . .

> The general exceptions to the exhaustion doctrine ... are as follows: (1) The agency cannot supply an adequate remedy; (2) the agency action will cause irreparable injury; (3) the agency has acted in excess of its statutory authority; or (4) pursuit of an administration remedy would be futile.

647 F.2d at 1114.

Ashland and Koch assert that pursuit of administrative remedies herein would be futile because the D.O.E. has already decided to place the funds into the Treasury without making any restitution to them as injured parties. The Court noted in *Hawthorne* that judicial review would be available should the Plaintiff fail to convince the D.O.E. and secure its administrative relief. Therefore, the Court found that pursuit of the administrative remedies would not be futile. Similarly, should the D.O.E. refuse to disburse any funds to Ashland and Koch under the administrative procedures, judicial review would then be available. *Cf. Missouri Terminal Oil Company v. Edwards,* 659 F.2d 139 (Em.App.1981) (action seeking to enjoin administrative proceedings dismissed for failure to exhaust administrative remedies where the agency was not given an opportunity to supply an adequate remedy); *Petraco-Valley Oil v. United States Department of Energy,* 633 F.2d 184 (Em. App. 5 Cir.1980) (suit by oil refiner seeking a temporary stay and preliminary and permanent injunction to prevent D.O.E. from enforcing an obligation to purchase entitlements without applying for an exception from the entitlements program dismissed for failure to exhaust administrative remedies).

This Court recognizes that the *Citronelle-Mobile Gathering, Inc. v. Edwards,* 669 F.2d 717 (Em.App.1982) decision acknowledges a duty on the Government to ascertain those over-charged and to make restitution to the injured parties rather than to the Treasury. This Court cannot assume that the D.O.E. will ignore their legal duty and refuse to make restitution to Ashland and Koch, if demanded by law. Ashland and Koch have an adequate administrative remedy available. Before bringing suit in this court, Ashland and Koch must exhaust their administrative remedies. Consequently, the Complaint of Ashland and Koch against the Department of Energy should be dismissed due to the Plaintiff's failure to exhaust administrative remedies.

IT IS, THEREFORE, ORDERED AND ADJUDGED that: (1) the Motion of Ashland and Koch for leave to amend their Answer in Cause No. W79–0019(B) is hereby denied; (2) the Motion of New York for voluntary dismissal as to Ashland and Koch is hereby granted with all costs incurred herein to be assessed against the party(ies) incurring same; and, (3) the Motion of the D.O.E. to dismiss the Complaint of Ashland and Koch in Cause No. W83–0035(B) for failure to exhaust administrative remedies is hereby granted.